UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-09698-WLH-MAA | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Bryan G. Dods et al v. Kido Sports Co., Ltd. et al* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**    **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND [65]**

The Court is in receipt of Plaintiffs' Motion to Remand (the "Motion"). (Mot. for Remand ("Mot."), Dkt. No. 65). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 19 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for February 27, 2026, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **DENIES** the Motion.

## I.    BACKGROUND

Plaintiffs Bryan G. Dods and his spouse, Sarah Dods, filed the instant products liability lawsuit in Los Angeles Superior Court on July 25, 2025. (*See* Complaint, Dkt. No. 1-3, Ex. A). While operating a motorcycle wearing a helmet manufactured by Defendant Kido Sports Co., Ltd. ("Kido Sports"), Plaintiff Bryan Dods was ejected from his bike after colliding with another vehicle. (*Id.* ¶¶ 12-20). His helmet detached from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

his head, and he suffered bilateral fractures to his skull and traumatic brain injury.  (*Id.* ¶¶ 24-26).

Plaintiffs served Defendant Kido Sports with the complaint on September 9, 2025. (Notice of Removal ("Notice"), Dkt. No. 1 at 2).  Plaintiff served Defendant Amazon.com Services, LLC on September 8, 2025, and Defendants Western Power Sports, LLC and Western Power Spots, Inc. on September 9, 2025.  (*Id.* at 3).  A month later, on October 9, 2025, Kido Sports removed the case to this Court, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*See id.* at 4-7).  For purposes of diversity jurisdiction, Kido Sports alleges it "was and continues to be a citizen of the Republic of Korea and incorporated under the laws of the Republic of Korea with its principal place of business at 395 Gonghang-daero, Gangseo-gu, Seoul, Korea."  (*Id.* at 5).  Plaintiffs are citizens of Ohio.  (*Id.*).  Defendant Amazon.com Services LLC is a citizen of Delaware and Washington.  (*Id.* at 6).  Defendants Western Power Sports, Inc. and Western Power Sports, LLC. are citizens of Idaho.  (*Id.*).  In the Notice, Kido Sports also asserted its inability to seek consent or joinder as to the Notice from the remaining Defendants[1] in this action, citing a lack of communication from Defendants' counsel and "lack of knowledge" of the identity of said counsel.  (*Id.* at 3-4).

On November 10, 2025, Plaintiffs filed an initial Motion to Remand, seeking to remand this matter to the Superior Court of Los Angeles County.  (Dkt. No. 26).  The Court ordered that motion stricken for failure to follow the meet-and-confer requirement of Local Rule 7-3.  (*See* Order Striking Motion, Dkt. No. 58).  Plaintiff renewed their motion on January 9, 2026.  (*See* Mot., Dkt. No. 65).  Defendant Kido Sports Co., Ltd. ("Kido Sports") filed its Opposition on January 16, 2026.  (Opp'n, Dkt. No. 68).

---

[1] The remaining named Defendants include Western Power Sports, LLC, Western Power Sports, Inc., and Amazon.com Services LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Defendants Western Power Sports, Inc. and Western Power Spots, LLC. joined in opposing the Motion.  (Dkt. No. 72).  Plaintiffs timely replied on January 23, 2026. (Reply, Dkt. No. 71).

On February 2, 2026, the Court ordered Kido Sports to show cause (the "OSC") as to why the action should not be remanded for Defendant's failure to meet its burden of proving the amount at issue in this case exceeds $75,000.  (Order Setting Order to Show Cause, Dkt. No. 73).  Kido Sports responded to the OSC on February 10, 2026.  (Dkt. No. 74).  The matter is fully briefed.

## II.    DISCUSSION

### A. <u>Legal Standard</u>

Under 28 U.S.C. § 1332, federal district courts have jurisdiction over matters where the amount in controversy exceeds $75,000, and there is complete diversity.  For diversity purposes, a corporation is deemed to be a citizen of the state(s) in which it was incorporated and in which the corporation has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is defined as the place "where a corporation's officers direct, control, and coordinate the corporation's activities," i.e. "the corporation's 'nerve center.'"  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[A] principal place of business 'should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination") (quoting *Hertz*, 559 U.S. at 92).  In *Hertz*, the Supreme Court rejected a test that looked to the amount of the corporation's business activities in any particular state, favoring the nerve center approach as more administrable and less likely to "lead to strange results."  *Hertz*, 559 U.S. at 93-94.  "The burden of persuasion for establishing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

diversity jurisdiction . . . remains on the party asserting it." *Hertz*, 559 U.S. at 96 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

The Supreme Court has cautioned that "if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat— then courts should instead take as the 'nerve center' the place of actual direction, control, and coordination . . . ." *Id.* at 97.

### B. <u>Analysis</u>

#### 1. *Amount in Controversy*

Here, the parties do not dispute that the amount in controversy requirement for diversity jurisdiction is met. Although it was initially skeptical of Defendants' threadbare allegations related to the amount in controversy in the Notice of Removal, the Court is ultimately satisfied with Kido Sport's response to its OSC re the amount in controversy. (*See* Dkt. No. 74). The damages stemming from Plaintiff Bryan Dods' motorcycle injury (medical expenses, loss of income and future earning capacity, and long-term care) appear to well exceed the amount in controversy requirement of 28 U.S.C. § 1332.

#### 2. *Complete Diversity*

The primary dispute here is whether Defendant Kido Sports—the party asserting diversity jurisdiction—has met its burden to establish complete diversity of citizenship. Plaintiffs are citizens of Ohio. (Notice of Removal, Dkt. No. 1 ¶ 14). Defendant Kido Sports, in its Notice of Removal, asserts that it is a citizen of the Republic of Korea and incorporated under the laws of the Republic of Korea, with its principal place of business at 395 Gonghang-daero, Gangseo-gu, Seoul, Korea. (*Id.* ¶ 15). Plaintiffs argue that Kido Sports admitted in several different filings with the State of California that its principal place of business lies in California at 12145 Mora Drive Unit 13, Santa Fe Springs, CA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

90670. (Mot. at 4-8). Specifically, Plaintiffs point to Kido Sport's (1) Statement of Information filings with the California Secretary of State, (2) website statements that the California location is "The Nest" and its "nerve center" and (3) affiliated LinkedIn pages that list its North American address as the California location.[2] (*Id.*; *see generally* Declaration of William N. Matthews in Support of Plaintiff's Motion to Remand ("Matthews Decl.")). Plaintiffs ultimately contend that these prove Kido Sport's U.S. footprint—one they are attempting to "erase" by "dissolving a subsidiary and relabeling the same U.S. based operations as a 'liaison office' to avoid U.S. state jurisdiction." (*Id.* at 8).

Plaintiffs' argument, however, sounds in the business activities test that the Supreme Court in *Hertz* rejected. *Hertz*, 559 U.S. at 93-94 ("[I]f a 'corporation may be deemed a citizen of California on th[e] basis' of 'activities [that] roughly reflect California's larger population . . . nearly every national retailer—no matter how far flung its operations—will be deemed a citizen of California for diversity purposes.'") (internal quotation omitted). Kido Sports has met its burden of showing that its nerve center is in Korea. That is the case even though it has sizeable operations in California like "nearly every national retailer" in the United States. *Id.*

Plaintiffs rely mightily on Kido Sports' California Secretary of State filings, but "California district courts have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test." *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011). Such state regulatory filings on their

---

[2] The LinkedIn pages were pulled from Kido Sport's "Scorpion EXO" profile. Plaintiffs assert that "Scorpion is a name used by Kido; indeed, the model of the helmet that . . . caus[ed] Mr. Dods' severe brain injury." (Mot. at 7). Scorpion was a California corporation until its termination on August 22, 2019. (Matthews Decl. ¶ 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

own are insufficient to override the nerve center test.  (Opp'n at 8).  And as Kido Sports highlights in its Opposition, Plaintiffs "screenshot of the Statement of Information . . .  strategically cuts off the bottom part of the filing . . . . [that denotes] the office located in California is a 'Liaison Office.'"  (Opp'n at 9).  As such, the Court does not find these filings to be the smoking gun that Plaintiffs set them out to be.

On the issue of website statements and LinkedIn representations, the Court is similarly unpersuaded.  Plaintiffs citation to online statements by a former *subsidiary* of Kido Sports is insufficient to prove Defendant's nerve center lies in California.  The description of that subsidiary on Kido Sport's website described its "North American headquarters" as "the Nest" and "nerve center" for North American operations. (Matthews Decl., Ex. C).  Even if the Court found the representations of a subsidiary to hold weight in the nerve center analysis, these statements merely serve as an acknowledgment of the regional operations that necessarily underpin the manufacturing and distribution of Kido Sports' products.  Does Kido Sports engage in some level of business operations in the State of California?  Yes.  Is it where Kido Sports' "officers direct, control, and coordinate the corporation's activities?"  *See Hertz*, 559 U.S. at 92-93. Far from it.  (*See* Declaration of Jinbok Lee in Support of Notice of Removal ("Lee Decl."), Doc. No. 1-1. ¶¶ 3-4) ("KIDO was incorporated under the law of the Republic of Korea in 2006 and has remained a Korean corporation at all times up to the present."; "At all relevant times, KIDO's headquarters and primary place of business has been located at 395 Gonghang-daero, Gangseo-gu, Seoul, Korea.")).  The Court is therefore unconvinced that Kido Sports' California liaison office is something more than simply a satellite office that supports Kido Sports' broader operations.  Kido Sports attests to as much.  "The California liaison office serves solely in a supporting capacity, facilitating communications and limited warranty-related functions.  All substantive management

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

and decision-making authority resides with Kido's headquarters in Korea, which directs and controls the company's operations." (*Id.* ¶ 5).

Moreover, the evidence does not reflect that this is the sort of sham jurisdictional manipulation case warned of in *Hertz*. *Cf. Hertz*, 559 U.S. at 97 (citing *Kokkonen*, 511 U.S. at 377) ("[I]f the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination."). Kido Sports has consistently asserted that "all substantive management and decision-making authority resides with Kido's headquarters in Korea, which directs and controls the company's operations." (Lee Decl. ¶ 5). The Court finds there to be no persuasive evidence to the contrary.

### 3.  Consent of All Defendants

Plaintiffs further contend that remand is necessary because all defendants did not manifest consent to removal on the record within the requisite statutory period under 28 U.S.C. § 1446(b)(2)(A). (Mot. at 14-15). But the Ninth Circuit has clarified that any defect in consent to removal is a *procedural* defect, rather than a jurisdictional one. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011). As such, if a consent defect did exist, it can be cured at any point prior to entry of judgment without a need to remand the matter to state court. *See Soliman v. Philip Morris Inc.,* 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." This Court and others have found it permissible to cure the consent defect prior to the entry of judgment. *See, e.g.*, *Canty v. Providence Health Sys.-So. Cal.*, No. LA CV20-03347 JAK (JPRx), 2020 WL 5701761, at *3 (C.D. Cal. Sept. 23, 2020) (quoting *Cobian-Perez v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Pers. Protective Servs., Inc.*, No. C-13-5162 EMC, 2014 WL 342660, at *2 (N.D. Cal. Jan. 28, 2014)); *Losurdo v. JPMorgan Chase Bank, N.A.*, No. LA CV16-01409 JAK (AGRx), 2016 WL 8730559, at *6 (C.D. Cal. May 6, 2016).

Here, there is no evidence that the remaining Defendants oppose removal. Defendants Western Power Sports, LLC, Western Power Sports, Inc. and Amazon.com Services LLC have appeared in the case, and either joined in the opposition to this Motion, or implicitly consented to its removal by filing a Motion to Transfer Case to another federal district court.  (Dkt. Nos. 34, 72).  To the extent a defect in consent did exist, that appears to be cured by the activity in this case.  The Court accordingly finds the consent provision of 28 U.S.C. § 1446(b)(2)(A) fulfilled.

III.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**